CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 27 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MAURICE PRESTON SCOTT, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv000368 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BLUE RIDGE REGIONAL JAIL | ) | |
| AUTHORITY, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Maurice Preston Scott, a Virginia prisoner proceeding pro se, brings this action for damages pursuant to 42 U.S.C. § 1983. The court has allowed Scott to proceed in forma pauperis in this matter. However, the court advised Scott that, should the court find that he has brought on three or more occasions, an action or appeal in a federal court that the court dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, the court would not allow him to proceed in this matter without complete prepayment of the filing fee, unless he established that he was in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Having reviewed the record, the court finds that plaintiff has had at least three civil actions dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted.[1] Accordingly, because plaintiff has at least three "strikes" within the meaning of § 1915(g), he cannot proceed in this action without full payment of the required filing fee[2] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g).

Scott claims the defendants have violated his federal constitutional rights because on one

---

[1] See Scott v. Mecklenburg Correctional Center, et al., Civil Action No. 7:06cv00368 (W.Va. July 21, 2006); Scott v. Sussex I State Prison, Civil Action No. 7:06cv00369 (W.Va. July 6, 2006), Scott v. Blue Ridge Regional Jail Authority, et al., Civil Action No. 7:05cv00281 (W.Va. Sep. 30, 2005).

[2] This fee is set by statute. See 28 U.S.C. § 1914(a).

occasion a nurse disclosed his medical information to a non-medical employee, while involved in an altercation with another inmate, an officer only sprayed him with pepper spray and did not immediately intervene in the dispute, and on one occasion his legal mail was opened and examined outside of his presence. The court cannot conclude from these claims that Scott is *presently* at imminent risk of serious physical harm.[3]

Therefore, as the court finds that as plaintiff has three "strikes" within the meaning of § 1915(g) and has failed to demonstrate that he is in any imminent danger of serious physical harm, he is not entitled to proceed without prepayment of the assessed filing fee. Accordingly, plaintiff's privilege to proceed in forma pauperis and to proceed in this action without prepayment of the filing fee is revoked. Plaintiff shall be afforded ten days from the entry of this Memorandum Opinion in which to pay the filing fee in its entirety. Plaintiff is hereby advised that failure to pay the entire filing fee within ten days of the entry of this order will result in the dismissal of this action pursuant to 28 U.S.C. §1915(g).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion

---

[3] Moreover, there is no general fundamental right to privacy in personal medical information, thus even if Scott's medical history was relayed to other parties by jail personnel, this fails to raise a claim of constitutional magnitude. See Watson v. Lowcountry Red Cross, 974 F.2d 482, 487-89, n.9 (4th Cir. 1992); Taylor v. Best, 746 F.2d 220, 225 (4th Cir. 1984); Sherman v. Jones, 258 F.Supp. 2d 440, 444 (E.D. Va. 2003)(finding plaintiff's constitutional rights were not violated when other inmates overheard his medical history). Similarly, negligent failure to protect an inmate from violence or disregard for an inmate's safety fails to state a claim of constitutional magnitude. See Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991)(finding warden was not liable for inmate stabbing even though inmate was housed with in a unit with approximately 40 other inmates, inmates were permitted to move freely in the unit, only one guard was posted in the unit, and in the event of an altercation correctional employees were advised not to intervene unit until sufficient backup arrived); see also, Whitley v. Albers, 475 U.S. 312, 319 (1986)(stating that merely a lack of due care for prisoner's interests and safety fails to state an Eighth Amendment claim). Finally, merely opening and examining incoming legal mail in the recipient's absence does not raise a claim of constitutional magnitude. Griffin v. Virginia, 2002 WL 32591574 *3 (W.D. Va. December 17, 2002), aff'd, 67 Fed. Appx. 837 (4th Cir. 2003).

to plaintiff.

**ENTER:** This 27th day of July, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge